UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 5:08-cv-57-JMH |
| v. ) | |
| ) | |
| $72,050.00 IN UNITED STATES ) | |
| CURRENCY, ONE FIRST SOUTHERN ) | |
| NATIONAL BANK CASHIERS CHECK ) | **MEMORANDUM OPINION** |
| #062629 IN THE AMOUNT ) | **AND ORDER** |
| OF $60,649.64, AND ONE ) | |
| WHITAKER BANK CASHIERS ) | |
| CHECK #022175 IN THE AMOUNT ) | |
| OF $100,000.00, ) | |
| ) | |
| Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon its own motion with respect to one final matter—what should happen to the defendant $72,050.00 in United States currency? Having concluded that the government cannot demonstrate by a preponderance of the evidence that the defendant currency is forfeitable, the Court concludes that the defendant currency should be awarded to Claimant Vernon Smith.

While the Court did not reach the issue of the ownership of the currency in concluding that it was not subject to forfeiture, it was briefed by the parties, and the Court must now determine where ownership lies in order to direct the disposal of the currency at the conclusion of this matter. The evidence is undisputed that the $72,050.00 was found in a safe in the basement of Claimant Vernon Smith's house and that he had access to that

safe.  Further, the evidence available to the Court includes Vernon Smith's testimony that he placed cash that he earned or received over the years in the safe, whether that cash was received from his son, Michael D. Smith, as a gift or as a repayment for money loaned by Vernon D. Smith or whether that cash was received from other sources.  Finally, the government aside, Vernon Smith alone has laid claim to the currency.

As there is no genuine dispute as to any material fact, the Court may and does conclude as a matter of law that Vernon Smith is entitled to the return of the currency in keeping with 28 U.S.C. § 2465, including an award of post-judgment interest as well as any interest actually paid to the United States or an imputed amount of interest as provided for in subsection (b)(1)(c).  *See* Fed. R. Civ. P. 56(a).

**IT IS SO ORDERED.**

This the 3rd day of April, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

-2-